**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO. 1:19-cv-21168-KMW

TAMARA PALLAS, individually
and on behalf of all others similarly situated

    Plaintiff,

vs.

DELIVERY FACTORY NETWORK, LLC,

    Defendant,
_____/

**MOTION FOR ENTRY OF DEFAULT FINAL JUDGEMENT AS TO LIABILITY AGAINST DEFENDANT, DELIVERY FACTORY NETWORK, LLC**

Plaintiff, Tamara Pallas (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, moves for entry of a Default Judgment as to liability only against Defendant, DELIVERY FACTORY NETWORK, LLC (hereinafter "Defendant"), while reserving jurisdiction for a final damages determination.

As part of Plaintiff's Motion for Default, Plaintiff makes the following requests:

1. Entry of a Final Judgment in its favor and against Defendant, DELIVERY FACTORY NETWORK, LLC as to liability only; and

2. That the Court reserve jurisdiction on the issue of damages and to otherwise reserve ruling on a final damages determination pending further discovery.

### I.    INTRODUCTION

1.    On March 27, 2019, Plaintiff filed this putative class action for equitable relief and damages against Defendant for its unlawful dissemination of unsolicited text messages to Plaintiff and the Class in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), Pub. L.

No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) and the rules prescribed under it by the FCC [D.E. 1].

2. Defendant was properly served a copy of the Complaint and Summons by Process Server. *See* Return of Service [D.E. 7].

3. A Clerks Default was entered on May 15, 2019. [D.E. 9].

4. Plaintiff's deadline to file his Motion for Final Default Judgement is on June 14, 2019. *See* Order Directing Clerk to Enter Default [D.E. 8].

5. Due to the nature of TCPA class actions, damages are almost necessarily ascertained in discovery by obtaining Defendant's outbound text records and using those records to calculate the class's statutory damages. However, Plaintiff is currently without the data it needs to formulate its Class Damages request.

6. To obtain the necessary discovery for class damages, Plaintiff filed a Motion for Leave to Conduct Class Certification and Damages related Discovery on May 24, 2019. [D.E. 12]. That motion remains pending before the Court.

7. On May 29, 2019, counsel for Plaintiff spoke with a representative of Defendant who confirmed that Defendant is aware of the litigation but has chosen not to defend up to this point in time.

8. Accordingly, Plaintiff seeks entry of a final default judgment as to liability only and asks the Court to reserve ruling on damages so that Plaintiff may complete discovery.

9. It would be wholly inequitable and unfairly prejudicial for Defendant to escape full liability and reap an unjust benefit by refusing to participate in the litigation. Such a result is contrary to public policy and undermines Rule 23(a).

10. A proposed Default Judgement as to Liability is attached hereto as **Exhibit A**.

## II.     ARGUMENT

### a.     A Judgment in Plaintiff's Favor as to Liability Must Be Entered.

11.     F.R.C.P. 55(a) provides this Court with a remedy to dispose of this litigation. When a defendant fails to appear or respond in any manner to a plaintiff's complaint, or to a motion for entering default, or to a motion for default judgment, default judgment against the non-answering party is warranted. F.R.C.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.") A party in default for failing to file an answer is deemed to have admitted all material allegations in the complaint and a plaintiff's well-plead allegations as to the defendant's liability are normally accepted as true. F.R.C.P. 55(b)(1).

12.     Here, Defendant has no Answer opposing Plaintiff's Complaint and accordingly a clerk's default was entered. Because Defendant has filed no Answer, all of the allegations in the Complaint must be deemed true. *See* F.R.C.P. 36(a)(3).; F.R.C.P. 55(b)(1).

13.     Here, it is uncontested that Defendant transmitted at least 1 unlawful and unconsented text message to Plaintiff, through the use of automatic telephone dialing system, in violation of the TCPA. *See* Compl. ¶ 18-22.

14.     The uncontested allegations in Plaintiff's Complaint are enough for the court to enter a final default judgement against Defendant for Liability.

15.     However, because Defendant has failed to participate in this litigation, Discovery it is not yet ripe for Plaintiff to move for class certification or for the Court to make a final damages determination.

16. Here, given Plaintiff's uncontested allegations and the reasonable likelihood that Defendant possesses documents and information relevant to class certification and class damages, Plaintiff is only seeking a default judgement on liability at this time.

17. In TCPA cases, class damages are generally calculated by obtaining Defendant's outbound text records and using those records to calculate the statutory damages. Since the Defendant refused to participate up to this point, Plaintiff is without the data it needs to formulate its Class Damages request.

18. It would be inequitable to allow Defendant to escape liability in a class action by purposefully evading the Court and otherwise failing to participate in the litigation.

19. Accordingly, Plaintiff respectfully requests that this court enter a Default Judgement against Defendant as to liability only, and to reserve Jurisdiction on damages as Plaintiff continues its Class Certification and Damages Discovery. This relief was similarly granted in *Turner v. Coyotes on the Boulevard, Inc.*, No. 08-61072-CIV, (S.D. Fla. Jun. 12, 2009) ([D.E. 11] (Order Granting final judgement as to liability only in a class case while reserving jurisdiction on class damages) and *Whitaker v. Bennett Law, PLLC*, No. 13-cv-3145-L(NLS), (S.D. Cal. Oct. 27, 2014) [D.E. 14] (Order Granting final judgement as to liability only in a TCPA class case while reserving jurisdiction on class damages).

    b.    **The Court Should Reserve Jurisdiction on Damages**

20. Because the Court must determine the amount of statutory damages Plaintiff (and each class member) has suffered, it is appropriate for the Court to entertain a motion or conduct a hearing as to damages as it deems necessary prior to entering judgment. *See*, FRCP 55(B)(2).

21. Opposing party discovery is historically the way a Plaintiff calculates class damages in a TCPA case. Here, the Court should permit Plaintiff to conduct class and damages discovery before entry of a final judgment.

22. As such, it is appropriate for to allow the Plaintiff to conduct class certification Discovery post-judgment, so it can ascertain the size of the putative class prior to this Court entering a final default damages judgment.

23. Upon obtaining the appropriate and necessary Discovery, Plaintiff intends to move for class certification and for entry for a final damages judgment determination. Due to the nature of TCPA violations, there is a strong likelihood that Plaintiff will meet the requirements of having a class certified upon completion of discovery.

### III. CONCLUSION

WHEREFORE, Plaintiff, TAMARA PALLAS, pursuant to Rule 55(b)(2), requests that the Court enter an Order as follows:

1. Entry of a Final Judgment in favor of Plaintiff and against Defendant, DELIVERY FACTORY NETWORK, LLC, as to liability only; and

2. Reserving jurisdiction on the issue of damages and to otherwise reserve ruling on a final damages determination pending further discovery.

**Dated: June 14, 2019**

Respectfully submitted,

*s/ Joshua H. Eggnatz*
Joshua H. Eggnatz, Esq.
Fla. Bar No.: 0067926
Michael J. Pascucci, Esq.
Fla. Bar No.: 0083397
**EGGNATZ | PASCUCCI**
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel: (954) 889-3359

Fax: (954) 889-5913
JEggnatz@JusticeEarned.com
MPascucci@JusticeEarned.com

Seth M. Lehrman, Esq.
Fla. Bar No. 132896
**EDWARDS POTTINGER, LLC**
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Tel: (954) 524-2820
Fax: (954) 524-2822
seth@epllc.com


*Attorneys for Plaintiff*


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 14th day of June 2019, and that a notice of the electronic filing will be transmitted to counsel of record. I further certify that the forgoing was served upon Delivery Factory at the designated address on the below service list.

*/s/ Joshua H. Eggnatz*
Joshua H. Eggnatz


### SERVICE LIST

DELIVERY FACTORY NETWORK, LLC,
Through its Registered Agent, Miguel Villaba,
7441 Wayne Ave., Apt. # 9 G
Miami Beach, FL 33141